C. Brooks Cutter, Esq., (SBN 121407)
John R. Parker, Jr., Esq. (SBN 257761)
CUTTER LAW P.C.
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 290-9400
Facsimile:  (916) 588-9330
bcutter@cutterlaw.com
jparker@cutterlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Watts and Whitney Keeter, on behalf of themselves, and a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>VIZIO HOLDINGS, INC, a Delaware Corporation, VIZIO, INC., a California Corporation, VIZIO INSCAPE SERVICES, LLC, a Delaware Limited Liability Company, VIZIO INSCAPE TECHNOLOGIES, LLC, a Delaware Limited Liability Company, COGNITIVE MEDIA NETWORKS, INC., a Delaware Corporation, and DOES 1 – 50, inclusive,<br><br>Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. Violations of the Video Privacy Protection Act, 18 U.S.C. § 1710<br><br>2. Violations of California's Consumer Records Act, Cal. Civ. Code § 2798.80<br><br>3. Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*<br><br>4. Violation of the Consumer Legal Remedies Act<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs David Watts and Whitney Keeter, by and through their attorneys, upon personal knowledge as to themselves and their own acts and experiences, and upon information and belief as to all other matters, complain and allege as follows:

## I.     JURISDICTION AND VENUE

1.     This Court has original jurisdiction over this action under 28 U.S.C. section 1332

(d) of The Class Action Fairness Act because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and because Plaintiffs and Defendants are residents of different states.

2.      Venue is proper in this Court pursuant to 28 U.S.C. section 1391 because Plaintiffs reside in and suffered injuries as a result of Defendants' acts in this District; many of the acts and transactions giving rise to this action occurred in this District, and Defendants (1) are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets of this District through the manufacture, distribution and sale of their products in this District; and (2) are subject to personal jurisdiction in this District.

## II.      NATURE OF THE ACTION

1.    Vizio Holdings Inc. ("Vizio") was founded in California in 2002, and since then has become a major marketer of electronics including Smart TVs, or Internet-connectable televisions.

2.    According to Vizio's S-1/A registration filing, filed with the Security and Exchange Commission on October 22, 2015, their "products are sold in over 8,000 retail stores across the United States."  The company held "the #2 unit share position in the U.S. smart, high definition television, or HDTV, industry in 2014." *See*

http://www.sec.gov/Archives/edgar/data/1648158/000119312515350398/d946612ds1a.htm

3.    Through its broad distribution of Smart TV's, the company states that is "creating a community of over 10 million VIZIO connected units, or VCUs.  A VCU is a Smart TV that has been connected to the Internet and has transmitted data collectively by our Inscape data services. Our Inscape data services capture real-time viewing behavior data from our VCUs and enable us to provide it to advertisers and media content providers."  *See*

http://www.sec.gov/Archives/edgar/data/1648158/000119312515350398/d946612ds1a.htm

4.    According to Vizio, approximately 90% of its Smart TV customers made an initial connection of their Smart TVs to the Internet for the twelve month period ended Vizio's Discovery and Engagement Software, known as VIZIO Internet Apps Plus, connects customers "with traditional and streaming content providers, such as Netflix, Hulu, YouTube and Amazon

Instant Video. Since 2009, users have streamed more than 3.5 billion of hours of content through our discovery and engagement software." *See*

http://www.sec.gov/Archives/edgar/data/1648158/000119312515350398/d946612ds1a.htm



5. The company's Inscape data services capture this viewing data in real time. "Inscape provides highly specific viewing behavior data on a massive scale with great accuracy, which can be used to generate intelligent insights for advertisers and media content providers…." The company, according to its October 22, 2015 SEC filing, expects that this will fuel future growth and drive revenue. *See*

http://www.sec.gov/Archives/edgar/data/1648158/000119312515350398/d946612ds1a.htm

6. On information and belief, to further realize its goal of monetizing its VCU television viewers' habits, Vizio acquired full ownership of Cognitive Media Networks, Inc., a software provider based in San Francisco, that enables [Vizio's] Inscape data services.

7. On information and belief, Vizio actually knew that data brokers, advertisers, or other partners would combine user identification information transmitted to it--including the user's IP address and other device identification information--with information held by others to identify persons as having requested or obtained specific video materials or services.

8. On information and belief, Vizio determines the date, time, channel of programs and whether users watch them live or recorded. The viewing patterns are then connected a user's IP

address - the Internet address that can be used to identify every device in a home, from the household TVs to mobile phones. Vizio actually knows that IP addresses can be linked to individuals through data brokers offering "data enrichment," combining additional information about persons tied to a particular IP addresses provided by Vizio.

9.   On information and belief, Vizio has worked with such data brokers, which may include Tapad, Neustar, and Experian. Tapad helps identify users across their many devices. Vizio's privacy policy concedes that it has begun providing data about customers' viewing habits to companies that "may combine this information with other information about devices associated with that IP address." Vizio actually knows that such data can identify persons by name.

10. On information and belief, the company falsely states that it encrypts IP addresses before sharing them; therefore data brokers whose data includes IP addresses tied to names can identify the persons and the prerecorded video cassette tapes or similar audio visual materials watched by those persons merely by having their IP address or other device IDs.

11. On information and belief, Vizio may share hashed or masked IDs in a way that permits matching the users to information in other data sets, so that data brokers can associate a device's viewing information with the personally-identifying information that the broker already holds, therefore reveaing the viewing habits of persons identified by the broker.

12. On information and belief, Vizio actually knows such data can and in many instances will be recombined to identify persons, indeed Vizio knows it raises the value of the data. Accordingly, Vizio actually knew that it was disclosing: 1) a user's identity; 2) the identity of the video material; and 3) the connection between the two—that the given user had "requested or obtained" the given video material.  In its October 22, 2015 filing for an initial public offering, Vizio touted its ability to provide "highly specific viewing behavior data on a massive scale with great accuracy."

13. Consumers under this regime of tracking must make extensive efforts to "opt-out" of this procedure and it is set as the default in violation of the Video Privacy Protection Act, which requires an "opt-in" procedure.

### III. <u>**PARTIES**</u>

14. Defendant Vizio Holdings, Inc., is a Delaware corporation. Its principal executive offices are located at 39 Tesla, Irvine, California.

15. Defendant Vizio, Inc., is a California corporation. Its principal executive offices are located at 39 Tesla, Irvine, California.

16. Defendant Vizio Inscape Services, LLC, is a Delaware Limited Liability Company. On information and belief, its principal executive offices are located at 39 Tesla, Irvine, California.

17. Defendant Vizio Inscape Technologies, LLC, is a Delaware Limited Liability Company. On information and belief, its principal executive offices are located at 39 Tesla, Irvine, California.

18. Defendant Cognitive Media Networks, Inc., is a Delaware Corporation registered to do business in the State of California. Its principal executive offices are located at 39 Tesla, Irvine, California.

19. The true names and capacities of Does 1 through 50 are unknown to Plaintiffs. Plaintiffs are informed and believe and thereon allege that each of these Defendants are in some way liable for the events referred to in this complaint and caused damage to Plaintiffs. Plaintiffs will amend this Complaint and insert the correct names and capacities of those defendants when they are discovered.

20. At all times mentioned, each of the Defendants – including Does 1 through 50 – was the representative, agent, employee, joint venture, or alter ego of each of the other defendants and in doing the things alleged herein was acting within the scope of its authority as such. Each Defendant is referred to collectively throughout this Complaint as "Vizio".

21. Plaintiff David Watts is a resident of Yolo County, California. He purchased three Vizio Smart TVs at the Target Corporation store located in Davis, California. Model E500i was purchased on May 5, 2014, Model E500i-B1 was purchased on January 20, 2015 and Model E43-C2 was purchased on October 19, 2015.

22. Plaintiff Whitney Keeter is a resident of Harris County, Texas. She purchased a Vizio

Smart TV model E701i-A3 at Costco in Houston, Texas in May or June of 2015.

## IV.  CLASS ACTION ALLEGATIONS

23. Plaintiffs bring this lawsuit as a class action on their own behalf and on behalf of all other persons similarly situated as members of the proposed Class, pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), and (b)(3).  This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of those provisions.

24. The proposed Class is defined as:

> All persons or entities who purchased one of more Vizio Smart Televisions within the United States, in United States territories, and U.S. service people and citizens who have purchased a Vizio Smart Televisions and who viewed content broadcast over the Internet on the Visio Smart TV(s) from the four years before the first complaint in this matter is filed through the time of trial.

25. Excluded from the Class are Defendants, their affiliates, employees, agents and attorneys, and the Court.

26. Plaintiffs reserve the right to amend the Class definitions if discovery and further investigation reveal that any Class should be expanded, divided into additional subclasses, or modified in any other way.

### a.  Numerosity and Ascertainability

27. The exact number of Class Members is presently unknown.  However, the size of the Class can be estimated with reasonable precision. Based upon the Defendants' representations in its SEC-1/A filing that their "products are sold in over 8,000 retail stores throughout the United States and that they held the "#2 unit share position in the US smart, high definition television, or HDTV, industry in 2014" and seek to create "a community of over 10 million VIZIO connected units, or VCUs," it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable.

28. The disposition of the claims of these Class Members in a single action will provide

substantial benefits to all parties and to the Court.

**b. Typicality**

29. The claims of the representative Plaintiffs are typical of the claims of the Class because, Plaintiffs, like all Class Members, purchased one or more Visio Smart TVs, connected them to the Internet as intended, and used the TV(s) for their own personal use.  Plaintiffs, like all Class Members, have been damaged by Defendants' conduct because they have had their private, identifiable viewing habits and information obtained by Defendants and distributed to third parties without their knowledge or consent.   Further, the factual bases of defendants' misconduct are common to all Class Members and represent a common thread of misconduct resulting in injury to all Class Members.

**c. Adequate Representation**

30. Plaintiffs are members of the Class and will fairly and adequately represent and protect the interests of the Class.  Plaintiffs have retained counsel with substantial experience in prosecuting consumer class actions, including actions involving false advertising.

31. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.  Neither Plaintiffs nor their counsel have interests adverse to those of the Class.

**d. Numerosity**

32. There are numerous questions of law and fact common to Plaintiffs and Class Members that predominate over any question affecting only individual Class Members.  The answers to these common questions will advance resolution of the litigation as to all Class Members.  These common legal and factual issues include:

    a.   whether the Defendants gathered, stored and transmitted the private information about their Visio Smart TV customers to third parties;

    b.   whether Defendants knew or should have known that the private customer information and viewing habits of its Smart TV customers could be easily combined with Internet IP address of each customer

c.  whether Defendants failed to take the steps necessary to ensure that the private, identifiable information of their individual customers was not disclosed to third parties;

d.  whether Defendants made material misrepresentations regarding the collection, storage, distribution, disclosure and utilization of their Smart TV customers' personal, identifiable information;

e.  whether Defendants had a duty to disclose the true nature of their data collection and dissemination practices to Plaintiffs and Class Members;

f.  whether Defendants omitted and failed to disclose material facts about their data collection and dissemination;

g.  whether Defendants' concealment of the true nature of the data collection, dissemination and utilization induced a reasonable consumer to act to their detriment by purchasing one or more Vizio Smart TVs; and

33. Whether Plaintiffs and Class Members are entitled to injunctive and equitable relief.

**e.  Superiority**

34. Plaintiffs and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

35. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct.  Absent a class action, Class Members will continue to incur damages and Defendants' misconduct will continue without remedy.

36. Class action treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of

adjudication.

37. Defendants have acted in a uniform manner with respect to the Plaintiffs and Class Members.

38. Class-wide declaratory, equitable, and injunctive relief is appropriate under Rule 23(b)(1) and/or (b)(2) because Defendants have acted on grounds that apply generally to the Class, and inconsistent adjudications with respect to Defendants' liability would establish incompatible standards and substantially impair or impede the ability of Class Members to protect their interests. Class-wide relief assures fair, consistent, and equitable treatment and protection of all Class Members, and uniformity and consistency in Defendants' duties to perform corrective action regarding the Vizio Smart TVs.

## V. FIRST CAUSE OF ACTION

### Violations of the Video Privacy Protection Act, 18 U.S.C. § 2710

### (On Behalf of Plaintiffs and the Class)

39. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

40. Vizio qualifies now and has qualified in the past as a "video tape service provider" under the Video Privacy Protection Act ("VPPA"), because Vizio is "engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4).

41. The VPPA mandates, among other things, that a video tape service provider "shall destroy personally identifiable information as soon as practicable, but no later than one the date the information is no longer necessary for the purpose for which it was collected." 18 U.S.C. § 2710(e).

42. Vizio has violated 18 U.S.C. § 2710(e) because it has failed to destroy its users' personally identifiable information as soon as practicable from the date the information was no longer necessary for the purpose for which it was collected.

43. The VPPA also requires Vizio to keep its customers' personally identifiable information confidential. 18 U.S.C. § 2710(b)(1). "Personally identifiable information" cannot be disclosed to

"any person without the informed, written consent of the consumer given at the time the disclosure is sought." 18 U.S.C. § 2710(b)(2)(B).

44. As owners and users of the Vizio Smart T.V., Plaintiffs' personally identifiable information was disclosed for marketing and advertising purposes without their informed, written consent.

45. As a result of Vizio's conduct described herein and its violation of § 2710, Plaintiffs and the Class have suffered injuries. Plaintiffs, on their own behalf and on behalf of the Class, seek an order enjoining Vizio's conduct described herein and awarding themselves and the Class the maximum statutory and punitive damages available under 18 U.S.C. § 2710(c), an award of attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5, as well as such other and further relief as the Court deems just and proper.

## VI.    SECOND CAUSE OF ACTION

### Violations of California's Customer Records Act, Cal. Civ. Code § 1798.80

### (On Behalf of Plaintiffs and the Class)

46. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

47. The California Customer Records Act mandates, among other things, that a business take all reasonable steps to destroy or arrange for the destruction of a customer's records within its custody or control, which contain personal information that is no longer to be retained by the business. Cal. Civ. Code § 1798.81.

48. A business may destroy customer records by erasing the information, or modifying the personal information in those records to make it unreadable or undecipherable through any means. Cal. Civ. Code § 1798.81(b), (c).

49. Vizio has violated Cal. Civ. Code § 1798.81 by failing to erase or otherwise destroy its users' personal information or making their customers' personal information unreadable or undecipherable.

50. Pursuant to Cal. Civ. Code § 1798.84, Plaintiffs, on their own behalf and on behalf of the Class, seek an order enjoining Vizio's conduct described herein, an award of attorneys' fees and

costs pursuant to Cal. Code Civ. Proc. § 1021.5, as well as such other and further relief as the Court deems just and proper.

### VII.     THIRD CAUSE OF ACTION

### Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §§ 17200, et seq.

### (On Behalf of Plaintiffs and the Class)

51. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

52. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code 27 §§ 17200, et seq., protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

53. The UCL prohibits any unlawful, unfair or fraudulent business act or practice. A business practice need only meet one of three criteria to be considered unfair competition. An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law.

54. Vizio has violated the fraudulent prong of the UCL in that it failed to inform Plaintiffs and the Class that it would indefinitely retain and sell their personally identifiable information and programming viewing histories.

55. Vizio has violated the unfair prong of the UCL in that it continues to profit from selling Plaintiffs' and the Class's personally identifiable information to third parties, without obtaining their consent, in that it is violating the public policies set forth in the VPPA, California Customer Records Act, and the CLRA, as set forth in this Complaint, and in that the utility of the defendant's conduct is outweighed by the gravity of the harm to Plaintiffs and the class.

56. Vizio has violated the unlawful prong of the UCL in that its conduct violated the Video Privacy Protection Act, (18 U.S.C. §§ 2710, et seq.), and the California Customer Records Act, (Cal. Civ. Code § 1798.80), and the CLRA as set forth in this Complaint.

57. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs, on their own behalf and on behalf of the Class, seek an order enjoining Vizio from continuing to engage in the unfair and unlawful conduct described herein, an award of attorneys' fees and costs pursuant to Cal. Code Civ. Proc. §

1021.5, as well as such other and further relief as the Court deems just and proper.

## VIII. FOURTH CAUSE OF ACTION

### Violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq.

58. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

59. This cause of action is brought pursuant to the Consumer Legal Remedies Act, California Civil Code Sections 1750, *et seq.* ("CLRA")

60. The CLRA has adopted a comprehensive statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property, or services to consumers primarily for personal, family, or household purposes. The self-declared purposes of the Act are to protect consumers against unfair and deceptive practices and to provide efficient and economical procedures to secure such protection.

61. Each Defendant is a "person" as defined by Civil Code Section 1761©, because each Defendant is a corporation as set forth above.

62. Plaintiffs and Class Members are "consumers," within the meaning of Civil Code Section 1761(d), because they are individuals who purchased one or more Vizio Smart TVs for personal and/or household use.

63. Defendants' Vizio Smart TVs are "goods" within the meaning of California Civil Code Section 1761(a), in that they are tangible products bought by Plaintiffs and Class Members for personal, family, and/or household use.

64. Defendants' sale of their products to wholesalers and retailers throughout California constitutes "transaction[s]" which were intended to result or which result[ed] in the sale" of goods to consumers within the meaning of Civil Code Sections 1761(e) and 1770(a).

65. Plaintiffs have standing to pursue this claim as they have suffered injury in fact and have lost money as a result of Defendants' actions as set forth herein. Specifically, Plaintiffs purchased Vizio Smart TVs. Had Plaintiffs known that these Smart TVs would be used by Vizio to share information about them, including their viewing habits, their other Internet connected devices, and other personal information with third parties in a manner that enabled disclosure of

their identities, in violation privacy laws, they would not have purchased the Visio Smart TVs.

66. Section 1770(a)(5) of the CRLA prohibits anyone from "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, use, benefits, or quantities which they do not have…."  Defendants represented that their Smart TVs were for the personal enjoyment of televised entertainment by their customers, when, in fact the Smart TVs were a means whereby Vizio could extract and sell personal information for profit in violation of privacy laws.

67. Section 1770(a)(9) of the CLRA prohibits anyone from '[a]dvertising goods or services with intent not to sell them as advertised."  Vizio is a multi-million dollar company advised by skilled counsel who, on information and belief, are or by the exercise of reasonable care should be aware of the governing regulations and their purpose, and the necessity to exercise reasonable care to ensure compliance with governing regulations and their purpose. By introducing Vizio Smart TVs into the stream of commerce as a product to be used for the personal, private viewing enjoyment of its customers, and then extracting and selling their personal viewing and other information to third parties for profit notwithstanding this knowledge, Defendants thus intentionally sold misbranded products.

68. Plaintiffs have attached hereto the declaration of venue required by Civil Code Section 1780(d).

69. Plaintiffs seek an order enjoining the acts and practices described above, and awarding attorneys' fees and costs and will amend this Complaint to seek damages under the CLRA.

## **PRAYER FOR RELIEF**

Plaintiffs, individually and on behalf of all others similarly situated request the Court to enter judgment against Defendants as follows:

A. An order certifying the proposed Class, designating Plaintiffs as the named representatives of the Class, and designating the undersigned as Class Counsel;

B. A declaration that Defendants are financially responsible for notifying Class members about the true nature of Vizio Smart TVs;

C. An order enjoining Defendants to desist from further deceptive distribution, marketing and sales of non-compliant Vizio Smart TVs;

D. An award to Plaintiffs and Class Members of compensatory, exemplary, punitive and statutory penalties and damages, including interest, in an amount to be proven at trial;

E. An award to Plaintiffs and Class Members for the return of the purchase prices of the Vizio Smart TVs, with interest from the time it was paid for the reimbursement of the reasonable expenses occasioned by the sale, for damages and for reasonable attorneys' fees;

F. A declaration that Vizio must disgorge, for the benefit of Plaintiffs and Class Members all or part of the ill-gotten profits received from the sale of their personally identifiable information to third parties, and make full restitution to Plaintiffs and Class Members;

G. An award of attorneys' fees and costs as allowed by law;

H. An award of pre-judgment and post-judgment interest, as provided by law;

I. Leave to amend this Complaint to conform to the evidence produced at trial; and

J. Such other relief as may be appropriate under the circumstances.

DATED: November 11, 2015                 CUTTER LAW, P.C.


                                         /s/ John R. Parker, Jr.
                                   By: _____
                                         C. BROOKS CUTTER

                                         JOHN R. PARKER, JR.
                                         Attorneys for Plaintiffs

### DECLARATION OF JOHN R. PARKER, JR.
### PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)

I, John R. Parker, Jr., declare as follows:

1.      I submit this declaration pursuant to section 1780(d) of the California Consumers Legal Remedies Act.  I have personal knowledge of the matters set forth below and if called as a witness could and would be competent to testify thereto.

2.      Venue is proper in this Court because (1) Defendants' business principal place of business is located in this District; (2)  many of the acts and transactions giving rise to this action occurred in this District, (3) Defendants are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets of this District through the manufacture, distribution and sale of their products in this District; and (4) are subject to personal jurisdiction in this District.

3.      Plaintiff David Watts is a resident of Yolo County, California, and Plaintiff Whitney Keeter is a resident of Harris County, Texas.

4.      All of the defendants, including Vizio Holdings, Inc., Vizio, Inc., Vizio Inscape Services, LLC, Vizio Inscape Technologies, LLC, and Cognitive Media Networks Inc., maintain their principal executive offices at 39 Tesla, Irvine, California.

5.      This action is commenced in the United States District Court for the Central District of California.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on November 11, 2015, in Sacramento, California.

/s/ John R. Parker, Jr.

John R. Parker, Jr.